# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IAN MICHAEL JAMIESON and
DEIDRA JANEE WILLS,

    Plaintiffs,

v.

CHAD K. ALVARO and
CHRISTINE E. ARENDAS,

    Defendants.

Case No. 6:24-cv-765-CEM-RMN

## **REPORT AND RECOMMENDATION**

This cause comes before me on *sua sponte* review of the docket. For the reasons discussed below, I respectfully recommend the Court dismiss Plaintiffs' claims for failure to prosecute under Local Rule 3.10.

On April 24, 2024, Plaintiffs, proceeding *pro se*, initiated this action against Defendants, alleging violations of the Fourteenth Amendment of the United States Constitution. Dkt. 1. ¶¶ 12–15. On June 10, 2024, the case was referred to the Middle District of Florida's Inexpensive Determination Efficient, and Abbreviated Litigation (IDEAL) Program. Dkt. 15. On June 26, 2024, an IDEAL Case Management Conference was noticed and set for July 8, 2024, in Orlando Courtroom 3C. Dkt. 16.

Then, on July 8, 2024, I held the IDEAL Case Management Conference and Plaintiffs did not appear. *See* Dkt. 17. The next day, I issued an Order to Show Cause as to Plaintiffs. Dkt. 18, There, Plaintiffs were ordered to show cause in writing on or before July 22, 2024, why their claims should not be stricken or dismissed and why they should not be sanctioned or held in contempt for failing to appear at the duly noticed hearing. Dkt. 18 at 2. To date, Plaintiffs have not filed a written response and the time to so has passed. *See id.*

All litigants appearing before the Court, including those appearing *pro se*, must abide by the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's Local Rules. They must also comply with the Court's Orders and appear in court as required. Plaintiffs have failed to abide by those requirements.

Accordingly, I respectfully **RECOMMEND** that Plaintiffs' claims be dismissed for failure to prosecute pursuant to Local Rule 3.10.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the

proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on August 9, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Counsel of Record

Ian Michael Jamieson
Deidra Janee Wills
5634 Western Sun Drive
Saint Cloud, Florida 34771